1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IPCOMM, LLC, | Case No. 20-cv-272-BAS-RBB |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | **[ECF No. 8]** |
| GROUP ROSSIGNOL USA, INC. *et al.*, | |
| Defendants. | |

18      Plaintiff IPCOMM, LLC filed a complaint for patent infringement.
19  Defendants Group Rossignol USA, Inc. and PIQ USA Inc. move to dismiss the
20  complaint.  ("Mot.," ECF No. 8.)  Plaintiff filed an opposition to the Motion,
21  ("Opp'n," ECF No. 9) to which Defendants replied ("Reply," ECF No. 10).  The
22  Court finds resolution of this matter is suitable without the need for oral argument.
23  *See* Civ. L.R. 7.1(d)(1).  For the reasons discussed below, the Court **DENIES** the
24  Motion.

25  **I.      FACTUAL ALLEGATIONS**

26      Plaintiff is the owner of U.S. Patent No. 8,612,181 (the '181 patent), entitled
27  "Wireless System for Monitoring and Analysis of Skiing."  ("Compl.," ECF No. 1,
28  ¶¶ 8, 9.)  Plaintiff claims Defendants have infringed claim 1 of the patent by making

a ski monitoring system called the PIQ ROBOT.  (*Id.* ¶¶ 11, 12.)  "[T]he PIQ ROBOT is an electronic tracker with Bluetooth connectivity that attaches to a user's ski boot and allows a user to track data on that user's ski runs down a slope via the user's smartphone or tablet running iOS or Android ("computing device"). The computing device can access the Internet using Wide Area Network (WAN), cellular wireless interface, or Wireless Local Area Network (WLAN), Wi-Fi."  (*Id.* ¶ 16.)

Defendants move to dismiss the complaint, arguing the claim of infringement is insufficiently pled.

## II.   LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

In patent cases, purely procedural issues of law are governed by the law of the

regional circuit. *K–Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013). In the Ninth Circuit, to be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012). Additionally, the pleading standards under *Twombly* and *Iqbal*—not Form 18—now govern claims for direct infringement of a patent. *Footbalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058 JLS (DHB), 2016 WL 5786936, at *2–3 (S.D. Cal. Oct. 4, 2016).

## III.   ANALYSIS

### A.   Plaintiff's Objection

Before diving into the merits, the Court must address Plaintiff's objection to Defendants' filing of the present Motion without meeting and conferring with Plaintiff's counsel. (*See* Opp'n at 3.) Plaintiff's counsel spoke with French counsel for Defendant PIQ and Utah counsel for Defendant Rossignol in late 2019. Plaintiff's counsel was told he would receive requested information, but the information never came, so Plaintiff filed suit. Plaintiff agreed to extend Defendants' time to respond to April 24, 2020. This was done in an attempt to resolve the case and because Plaintiff believed it would receive needed information. On April 24, Defendants filed the present Motion. Plaintiff objects because Defendants did not meet and confer before filing.

Indeed, this Court's chambers rules state that parties must meet and confer at least seven days prior to the filing of any noticed motion. Defendants inform the Court that their current counsel was retained on April 22, 2020, and a response was due two days later. (Reply at 1.) Their current counsel "were not aware of the extent of the communications among Plaintiff's counsel, PIQ's French counsel, and Rossignol's Utah counsel." (*Id.*) And while Defendants admit they did not meet and confer seven days before filing the present Motion, they did not have time to do so

due to the deadline, but they did attempt to contact Plaintiff's counsel on April 24, 2020. ("Ma. Decl.," ECF No. 10-2.)

After reviewing the facts and timelines, the Court finds that it is not in the interest of judicial economy to deny the Motion for failure to meet and confer. Defendants are instructed to comply with this Court's standing orders throughout the remainder of case. The Court also denies Plaintiff's request for sanctions.

## B. Direct Infringement

To state a claim for direct patent infringement, a plaintiff must allege that the defendant, "without authority[,] makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a); *see also Joy Techs., Inc. v. Flakt, Inc*., 6 F.3d 770, 773 (Fed. Cir. 1993) (citing *Hewlett-Packard Co. v. Bausch & Lomb Inc*., 909 F.2d 1464, 1469 (Fed. Cir. 1990), *cert. denied*, 493 U.S. 1076 (1990)). "To prove infringement, the patentee must show that an accused product embodies all limitations of the claim either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharms., Inc*., 707 F.3d 1330, 1340 (Fed. Cir. 2013). "To establish literal infringement, every limitation set forth in a claim must be found in the accused product, exactly." *Advanced Steel Recovery, LLC v. X-Body Equip., Inc*., 808 F.3d 1313, 1319 (Fed. Cir. 2015) (citing *Southwall Techs., Inc. v. Cardinal IG Co*., 54 F.3d 1570, 1575 (Fed. Cir. 1995)). "Under the doctrine of equivalents, 'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is "equivalence" between the elements of the accused product or process and the claimed elements of the patented invention.'" *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc*., 469 F.3d 1005, 1016 (Fed. Cir. 2006) (quoting *Warner–Jenkinson Co. v. Hilton Davis Chem. Co*., 520 U.S. 17, 21 (1997)).

Defendants move to dismiss the Complaint because they argue Plaintiff does not sufficiently allege that their product directly infringes each limitation of claim 1 of the '181 patent. "[I]n order to properly plead direct infringement

– 4 –

under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim." *Scripps Research Inst. v. Illumina, Inc.*, No. 16-CV-661 JLS (BGS), 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016) (citing cases). "Plaintiff must simply provide sufficient factual allegations concerning how each limitation of the asserted claims is *plausibly* met by the accused products." *Id.*

Claim 1 is reproduced below:

1.  A ski monitoring system comprising:
at least one wireless port for providing bi-directional communication with one or
    more MEMS sensors or actuators, wherein the at least one wireless port is usable
    in providing wireless communication in a local area;
a wireless port providing bi-directional communication with a cellular service
    provider network, wherein the service provider provides wireless communication
    in a macro area using a base station;
a processor coupled to the at least one wireless port:
a memory medium coupled to the processor, wherein the memory medium comprises
    executable program instructions to:
    at the specified intervals retrieve information from the sensor sub-system, and
        based on such information and the selected user information, and the ski
        equipment information, perform piece-wise calculation of velocity moments
        and reactive forces applied to the skis and skier body;
    provide corrective or emergency feedback to the actuators embedded in the ski
            equipment; and
    to construct graphical representation of the skier body during the run;
    store these piece-wise calculation in the mobile terminal memory or transmit
        them to the remote destination;
a memory medium coupled to the processor, wherein the memory medium comprises
    storage of the system operational parameters:
    user information;
    the selected user ski equipment information;
    a ski slope topological information;
    type and location of sensors and actuators;
    IP addresses of the remote computer systems for downloading of the topological
        information and uploading measurement information; and
a user interface to allow entry of the system operational parameters.
('181 patent col. 8 l. 5–41)

Plaintiff argues it "lists each element of Plaintiff's claim and that [sic] alleges

that Defendants have infringed each and every element." (Opp'n at 8 (citing Compl. ¶ 11).)  In paragraph 11, Plaintiff alleges Defendants infringe claim 1 by "making, using, importing, offering for sale, and/or selling a ski monitoring system comprising . . . ." and recites the entire claim.  (Compl. ¶ 11.)  Plaintiff alleges the infringing product is Defendants' PIQ ROBOT product and that the product infringes "because each and every element is met either literally or equivalently."  (*Id.* ¶ 12.)

Complaints of infringement pass muster if they "describe what the Accused Products do" and "allege that the Accused Products practice all of the limitations of [the claim], and recite[] all of those steps." *Sleep No. Corp. v. Sizewise Rentals, LLC*, No. EDCV1800356ABSPX, 2018 WL 5263065, at *5 (C.D. Cal. June 26, 2018).  "Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing." *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010); *cf. Scripps Research Inst.*, 2016 WL 6834024, at *5 (finding the plaintiff had not plausibly pled infringement when it broadly alleged defendant's product "utilizes" the plaintiff's patented technology and that the product "contains a bifunctional molecule as described by the claims" of the patent).

Plaintiff has sufficiently alleged direct infringement.  Plaintiff alleges Defendants' product is a ski monitoring system that comprises each element of claim 1, and Plaintiff lists those elements.  (Compl. ¶ 11.)  Although Plaintiff's infringement allegation "merely parrots the claim language, . . . this does not necessarily render the pleading deficient." *Sleep No. Corp.*, 2018 WL 5263065, at *4.  This is because the Complaint also contains allegations describing what Defendants' product does and what its general configuration is. *Id.*; *see Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, No. C16-0341JLR, 2017 WL 5634131, at *7 (W.D. Wash. Nov. 21, 2017) (finding the plaintiff adequately alleged infringement

when it "attached the patents-in-suit, described its protected technology, identified the accused products, and described how those products allegedly perform the same functions or methods that are protected by" the patent).  Plaintiff thus plausibly alleges Defendants' product meets the limitations of claim 1.  Plaintiff has put Defendants on notice as to what they must defend and has sufficiently stated a claim of direct infringement.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss. Defendants are to file an answer to the Complaint on or before August 5, 2020.

**IT IS SO ORDERED.**

**DATED: July 22, 2020**

Hon. Cynthia Bashant
United States District Judge